Overton, J.
 

 This doctrine has been long settled, both in this State and North Carolina. The principles of the case of Timms
 
 v.
 
 Potter, determined a number of years ago in the latter State, has been constantly followed up ever since; and it was lately fully recognized in a case at Rogersville, where I sat alone. From these cases it will appear that if property, for example a negro woman, is devised to one man for life, with remainder to another, and during the life estate the woman have children, they belong not to him who has the life estate, but to the remainder man. This I take to be the settled doctrine in this State ; and I am far. from being inclined to disturb it. The increase must belong to the person who has the general property; and not to the owner of a particular interest. A negro may be considered personal by a will; and the devisor may bequeath to one for life, with the remainder over.
 

 White, J.
 

 I did not sit in the case determined at Rogersville, but I am perfectly satisfied with the determination. It is in pursuance of a long-, settled and established custom, and corresponds with the ideas entertained by the community in general. It would be useless to enter into an argument on the question at this day, because it is too firmly settled to be disturbed. There are strong arguments in favor of the holder of a life estate, but, at the same time, not more so than can be furnished on the other side
 

 Let the demurrer be overruled.'